```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF OREGON

CYNTHIA K. MOORE,                  )
                                   )
          Plaintiff,               )   Case No. 07-368-HO
                                   )
     v.                            )   ORDER
                                   )
Commissioner of Social Security,   )
                                   )
          Defendant.               )
_____)
```

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income. Plaintiff asserts disability beginning April 11, 2003, due to epilepsy and mood disorder. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

Plaintiff contends the ALJ erred in: (1) disregarding the testimony of plaintiff's mother; (2) rejecting plaintiff's

1 - ORDER

testimony; and (3) relying on vocational expert testimony based on an incomplete list of plaintiff's impairments.

1.  Lay Testimony

Plaintiff's mother testified that plaintiff has problems with depression and anxiety such that she has marked problems with memory, concentrating and focusing. Tr. 509-11. In addition, plaintiff's mother testified regarding restrictions on daily activities such as shopping or dealing with people. Tr. 516-17. The ALJ did not specifically disregard plaintiff's mother's testimony, but did summarize her testimony and impliedly rejected the testimony asserting plaintiff's daily activities were inconsistent with a portrait of a claimant who rarely leaves the house and is in need of constant supervision. Tr. 30-31, 33.

The ALJ relied on plaintiff's activities of dating, training puppies, walking and jogging, and going to the beach. Tr. 32-33. It is unclear from the record if such activities are inconsistent with plaintiff's mother's testimony. However, it is also unclear if the testimony of plaintiff's mother establishes that plaintiff meets the listings of impairment under listing 12.04, 20 C.F.R. § 404, subpart P, App. A. The ALJ did find plaintiff to suffer schizoaffective disorder-bipolar type. Tr. 27. Further, plaintiff's mother's testimony appears to indicate difficulties in maintaining concentration, persistence, or pace and activities of

daily living.  Accordingly, the case must be remanded to better develop the record in this regard.

## 2.   Plaintiff's Testimony

Plaintiff similarly testified to limitations regarding social functioning and work activities.  The ALJ rejected plaintiff's testimony citing her daily activities and the fact that her seizures are under control with medication. Tr. 32-33.  It is not clear if the activities cited by the ALJ are inconsistent with plaintiff's testimony or that the testimony establishes disability. Upon remand, plaintiff's testimony should be reevaluated.

## 3.   Vocational Expert

Plaintiff contends the ALJ erred in relying on the vocational expert's opinion that plaintiff can work because the opinion failed to account for all of plaintiff's limitations.  Plaintiff specifically contends the ALJ failed to include limitations from the opinions of Drs. Emily Toch and John Jacisin.  Because the ALJ felt the opinions were not based on the most recent medical records, a remand would allow for further evaluation of these opinions.

3 - ORDER

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and remanded for further proceedings.

DATED this __3rd__ day of __March__, 2009.

                                                                  s/ Michael R. Hogan
                                                  UNITED STATES DISTRICT JUDGE

4 - ORDER